IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| ELIZABETH ARLEDGE, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 0:05-181-DCN-BM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied protectively for Supplemental Security Income (SSI) in June 2002, alleging disability as of August 2002 due to depression and an anxiety disorder. (R.pp. 59-62, 64, 261). This was Plaintiff's third application filed with the Social Security Administration. She had previously applied by Disability Insurance Benefits (DIB) in September 1995, and again in January 1999. Both of those applications were denied.

Plaintiff's June 2002 application for SSI was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on September 3, 2003. (R.pp. 249-307). The ALJ thereafter denied Plaintiff's claim in a decision issued September 26, 2003. (R.pp. 14-22). The Appeals Council denied Plaintiff's request



for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-9).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as



it is supported by substantial evidence." <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was thirty-six (36) years old when she alleges she became disabled, has an eighth grade education and past relevant work experience as a screen printer. (R.pp. 15, 59, 65, 70). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retains the residual functional capacity to perform a significant number of other jobs which exist in the national economy, and was therefore not disabled. (R.pp. 20-22). Plaintiff asserts that in reaching this decision, the ALJ erred by finding that Plaintiff could perform the jobs identified by the vocational expert when the description of those jobs was not compatible with the Dictionary of Occupational Titles (DOT), by failing to properly evaluate whether Plaintiff's impairments could produce her alleged symptoms, and by failing to state what weight he had given the opinion of Plaintiff's treating physician, Dr. Gray, or why. Plaintiff also complains that the Appeals Council failed to make specific findings regarding new evidence, and erred by failing to evaluate this new evidence.

After careful review of the arguments and evidence submitted, the undersigned is constrained to agree with the Plaintiff that the Appeals Council failed to properly articulate its reason(s) for rejecting the new evidence submitted to the Appeals Council, and that remand is



therefore required.  The record shows that, as part of her request for Appeals Council review of the ALJ's decision, Plaintiff submitted additional records from her treating physician, Dr. Gray, wherein Dr. Gray opined that Plaintiff was "markedly limited" in most areas of sustained concentration and persistence, as well as with regard to her understanding and memory.  This assessment of Plaintiff's condition was from a beginning date of January 2003, prior to the hearing before, and decision of, the ALJ. (R.pp. 241-243).  Significantly, Dr. Gray's findings as set forth in this document contradict in large measure his assessment of the Plaintiff's condition dated March 5, 2003, which was cited extensively by the ALJ in his decision. (R.pp. 17, 204-213).

   In its decision rejecting Plaintiff's appeal, the Appeals Council noted only that it had considered the additional evidence submitted but found that this information did not provide a basis for changing the Administrative Law Judge's decision. (R.p. 6).   However, no rationale for the Appeals Council's treatment of this evidence was provided, and this Court can therefore only speculate as to the reason the Appeals Council reached this decision.  Plaintiff argues that the Appeals Council's failure to make specific findings concerning this new evidence is reversible error, and under the facts of this case the undersigned agrees.

   While the undersigned acknowledges that the decision of the Appeals Council as set forth hereinabove may be sufficient under some Fourth Circuit precedent; <u>see</u> <u>Hollar v. Commissioner of the Social Security Administration</u>, No. 98-2748, 1999 WL 753999, at **1 (4th Cir. September 23, 1999), citing <u>Browning v. Sullivan</u>, 958 F.2d 817, 822 (8th Cir. 1992) and 20 C.F.R. § 404.970(b) (1999); <u>see also</u> <u>Ridings v. Apfel</u>, 76 F.Supp.2d 707, 709 (W.D.Va. 1999); other courts have determined that "bare bones" conclusions by Appeals Councils do not allow for meaningful judicial review and therefore render the Court unable to perform its statutory function



4

of determining whether the findings of the Commissioner are supported by substantial evidence. See Harmon v. Apfel, 103 F.Supp.2d 869, 872-875 (D.S.C. 2000); Riley v. Apfel, 88 F.Supp.2d 572, 579-580 (W.D.Va. 2000); Alexander v. Apfel, 14 F.Supp.2d 839 (W.D.Va. 1998); see also Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ["A bald conclusion unsupported by reasoning or evidence, is generally of no use to a reviewing court…."]. Some other courts have taken a middle position, indicating that whether a more detailed explanation is required may depend on the nature of the evidence submitted. See Smart v. Barnhart, 2004 WL 2898152, at *3, n. 2 (D.S.C. December 7, 2004). Under the facts of this case, the undersigned finds that this middle approach should be utilized by this Court.

The Court in Smart indicated that, while a "detailed reason" for the Appeals Council's rejection of new evidence may not be necessary in every case, in cases where a medical opinion upon which a denial of benefits was based is contradicted by a new opinion from the same source, some explanation for the Appeals Council's decision to reject this new evidence should be given. *Cf.*, Smart, 2004 WL 289152 at *3, n. 2. Here, the new evidence was from Dr. Gray, and while Dr. Gray's earlier opinion was not the sole opinion relied on by the ALJ in making his decision, it was one of the principal opinions he cited. The Commissioner concedes in her brief that Dr. Gray's medical opinion was one of the opinions on which the ALJ based his findings, and that indeed the ALJ accommodated the limitations noted by Dr. Gray in determining Plaintiff's residual functional capacity. See Defendant's Brief, at pp. 9-10. Plaintiff argues that the new evidence submitted to the Appeals Council made clear Dr. Gray's opinion that Plaintiff was not able to do work activity, and that he believed her condition was actually more serious than he had earlier set forth in his assessment of March 2003 .



While the Commissioner offers arguments as to why this new evidence was not relevant or material, it is certainly arguable that the new evidence submitted to the Appeals Council shows that Dr. Gray believed Plaintiff's condition to have been more serious during the relevant time period than he originally set forth in his assessment of March 5, 2003.[1] This Court can only guess as to why the Appeals Council did not find this evidence provided a basis for changing the ALJ's decision, as the Court has no findings from the agency regarding that new evidence, even though it was from Plaintiff's treating physician, and appeared to contradict a previous opinion of that treating physician which was relied on by the ALJ in reaching his decision. *Cf*. <u>Harmon</u>, 103 F.Supp.2d at 874, citing <u>Riley</u>, 88 F.Supp.2d at 579-580; <u>Thomas v. Commissioner</u>, No. 01-1544, 2001 WL 1602103 at **2-3 (4th Cir. Dec. 17, 2001) [decision vacated and remanded where Appeals Council did not explain its consideration of a disability assessment of a treating physician which was submitted to the Appeals Council after the ALJ's decision]; <u>Camper v. Barnhart</u>, No. 04-0403, 2005 WL 1995446 at *4-*7 (W.D.Va. Aug. 16, 2005) ["Such a remand is necessary where the additional evidence is 'conflicting' or presents 'material completing testimony,' is 'contradictory', or 'calls into doubt any decision grounded in the prior medical records'"] (internal quotations omitted), <u>amended</u>, 2005 WL 2105025 (W.D.Va. Aug. 29, 2005).

## Conclusion

As Dr. Gray's opinion was one of the primary medical opinions relied on by the ALJ in reaching his decision, some explanation for the rejection of this new evidence should be required.

---

[1]Two documents were actually submitted to the Appeals Council. However, unlike the document submitted to the Appeals Council from Dr. Gray, the second document submitted to the Appeals Council, from Dr. Dunbar, does not reflect that it is an assessment of Plaintiff's condition during the relevant time period. (R.pp. 246-248).



Smart, 2004 WL 289152, at *3, n. 2. Thomas v. Commissioner, supra; Camper v. Barnhart, supra. Therefore, it is recommended that the decision of the Commissioner be **reversed** under Sentence Four of 42 U.S.C. § 405(g), and that this case be **remanded** to the Commissioner for purpose of further evaluation of the evidence consistent with this opinion.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October  18,  2005

7